IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:24CR3039 |
| vs. | |
| JARED MUTCHIE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (Filing No. 55) filed by the defendant, Jared Mutchie. The motion was timely filed less than one year after the defendant's conviction became final.[1] *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Dat v. United States,* 920 F.3d 1192, 1194 (8th Cir. 2019). Accordingly, a motion to vacate under § 2255 may be

---

[1] The defendant did not file a direct appeal, so the judgment here became final on or about October 7, 2024, when the fourteen-day period for filing a notice of appeal expired. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); Fed. R. App. P. 4(b)(1)(A). The defendant's motion was filed on September 26, 2025—before the one-year deadline in § 2255(f) expired. (Filing No. 55).

summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Ford v. United States*, 917 F.3d 1015, 1026 (8th Cir. 2019).

## BACKGROUND

The defendant was indicted in 2024 on one count of knowingly possessing a firearm and ammunition after being previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Filing No. 14). He pled guilty to that charge without a plea agreement (Filing No. 26; Filing No. 32 at 13) and was sentenced to a term of ninety-six months imprisonment. (Filing No. 47; 49).

## DISCUSSION

The defendant's motion raises one ground for relief—ineffective assistance of counsel. (Filing No. 55 at 1). He alleges that counsel was ineffective for failing to object to a four-level enhancement to the sentencing guidelines applied in the presentence investigation report for possessing a firearm in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(6)(B). More specifically, he argues that the firearm at issue was "merely possessed"—not "used"—during his flight from the police and in his view, "the mere presence of a firearm is insufficient to support the use element of the enhancement." (Filing No. 55 at 1). He says he discussed objecting to the enhancement with counsel,[2] but concludes counsel was deficient in "fail[ing] to make the argument at sentencing." (Filing No. 55 at 1).

To succeed on a claim of ineffective assistance of counsel, a defendant must show (1) trial counsel was deficient and (2) the defense was prejudiced as a result. *Buchanan v. United States*, 714 F.3d 1046, 1047 (8th Cir. 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (citations omitted).

---

[2] What the defendant does not mention is that counsel *did* file an objection to the presentence investigation report arguing that the § 2K2.1(b)(6)(B) enhancement did not apply. (Filing No. 44). Counsel withdrew it before sentencing—even stating that the defendant was "in agreement with the decision" to do so—and indicated that he would "still argue for a variance from the guidelines." (Filing No. 45 at 1; Filing No. 38).

The plaintiff's claim fails at the first hurdle. He cannot show that his counsel's performance was deficient. It is true that had counsel persisted in his objection to the § 2K2.1(b)(6)(B) enhancement and the Court sustained it, the defendant would have fallen into a lower guideline range. But that would not have happened. The enhancement was appropriately applied.

Under § 2K2.1(b)(6), when a defendant uses or possesses a firearm "in connection with another felony offense," the offense level increases by four levels. U.S.S.G. § 2K2.1(b)(6). Application Note 14(A) clarifies that a defendant possessed a firearm "in connection with" the felony offense if the firearm "facilitated, or had the potential of facilitating, another felony offense." *Id.* § 2K2.1(b)(6) cmt. n. 14(A). "Another felony offense," in turn, means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained. *Id.*

Decisions from the Eighth Circuit provide further guidance. The enhancement is inapplicable if a firearm was present at the crime scene due to "mere accident or coincidence." *United States v. Mathis*, 911 F.3d 903, 908 (8th Cir. 2018) (citation modified). But "where a defendant keeps a firearm at an easily accessible location while committing a felony offense, a sentencing court may infer that the firearm emboldened the defendant to engage in the illegal act." *Id.* Further, "[a] defendant need not have initially intended to use the firearm to facilitate another felony." *Id.* "[W]here a defendant keeps a firearm at an easily accessible location while committing a felony offense with knowledge . . . or reason to believe that such firearm was facilitating the commission of that felony," then that defendant cannot escape the enhancement merely by claiming he did not subjectively intend to use or possess the weapon to facilitate another felony. *Id.*

Here, the firearm facilitated or had the potential of facilitating any of several possible felonies under state law. As noted in the presentence investigation report, "[d]uring the commission of the instant offense, as the defendant possessed the firearm and ammunition, he fled from police, possessed a stolen vehicle, and possessed cocaine and methamphetamine." (Filing No. 52 at 6). Those acts constitute, by the Court's count, at least three felony violations of Nebraska law. *See* Neb. Rev. Stat. § 28-905; Neb. Rev. Stat. §§ 28-517, 28-518; Neb. Rev. Stat. § 28-416.

3

It is not difficult to see how possession of the firearm "emboldened" the defendant to commit those crimes. *Mathis*, 911 F.3d at 908. Having the firearm gave him a potentially lethal way to maintain control of the vehicle both before and during his flight from the police. The Eighth Circuit has "also recognized the use of guns to protect a defendant's drugs as a manner of facilitating drug possession offenses, even when the defendant asserts the gun was for self-protection." *United States v. Swanson*, 610 F.3d 1005, 1008 (8th Cir. 2010); *United States v. Quinn*, 812 F.3d 694, 700 (8th Cir. 2016) ("We repeatedly have held that a defendant's possession of a firearm with a personal-use amount of illegal drugs can meet [the § 2K2.1(b)(6)(B)] standard."). The defendant kept the firearm "at an easily accessible location" while committing those felonies—he even took the firearm with him after he crashed the vehicle and continued his flight on foot. *Mathis*, 911 F.3d at 908; (Filing No. 52 at 5). The firearm, then, was not "present at the crime scene due to mere accident or coincidence." *Id.* (citation modified).

Thus, there is no doubt in the Court's mind that the § 2K2.1(b)(6) enhancement was appropriate in this case. The defendant's post-hoc interpretation of "use" is belied by Eighth Circuit precedent. Put simply, counsel was not deficient[3] for withdrawing a meritless objection. The defendant's ineffective assistance of counsel claim therefore fails. *See Ramirez v. United States*, 751 F.3d 604, 607 (8th Cir. 2014) ("Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim.").

For the sake of completeness, the Court also notes that the defendant fails to show any prejudice. In this context, "[a] showing of prejudice requires a determination by the court that there is a reasonable probability [sufficient to undermine confidence in the outcome] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004) (citation modified). As the Court explained above, the § 2K2.1(b)(6) enhancement was appropriate and would have applied regardless of whether counsel objected to it. "[T]he result of the proceeding" would not have been different if counsel

---

[3] Also worth noting is the fact that counsel prevailed on two other issues at sentencing. *First,* the government argued that the defendant was not entitled to a two-level reduction for acceptance of responsibility, but the Court rejected those arguments and found the defendant entitled to the reduction. *Second,* the Court granted the defendant's motion for a variance from the sentencing guidelines. (Filing No. 38).

had persisted in the objection, so the defendant cannot establish the second *Strickland* prong, either. *Id.* at 909.

## CONCLUSION

The defendant's allegations entitle him to no relief. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke,* 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler,* 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

**IT IS ORDERED:**

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (Filing No. 55) is denied.
2. The Court will not issue a certificate of appealability in this matter.
3. A separate judgment will be entered.
4. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 24th day of October, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge